UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
:
:
THE NEW YORK CITY DISTRICT  :
COUNCIL OF CARPENTERS,  :
:
                       Petitioner,  :
:
      -v-  :
:
LONGBOW ACOUSTICS L.L.C.,  :
:
                       Respondent.  :
:
:
------------------------------------------------------------X

USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: NOV 18 2014

No. 14-cv-0019-RA

<u>OPINION & ORDER</u>

RONNIE ABRAMS, United States District Judge:

      On January 2, 2014, Petitioner New York City District Council of Carpenters filed this this action seeking to confirm an arbitral award against Respondent Longbow Acoustics L.L.C. pursuant to Section 301 of the Labor Management Relations Act of 1947 and Section 9 of the Federal Arbitration Act ("FAA").[1] On February 18, 2014, after Petitioner filed an affidavit averring that Respondent was served with the Petition but had not appeared or responded, the Clerk of Court issued a certificate of default. (<u>See</u> Bauman Declaration in Support of Petition ("Bauman Decl.").) On February 24, 2014, the Court issued an Order informing the parties that it would adjudicate the Petition and directing Petitioner to file and serve any additional supporting materials. Petitioner subsequently filed the Collective Bargaining Agreement between the parties ("CBA") and an affidavit correcting certain errors in Petitioner's initial

---

[1] Although Petitioner commenced this action by complaint, the Court construes its filing, and refers to it herein, as a petition to confirm arbitration ("Petition") because Petitioner "met the notice requirements and requested the appropriate relief for a petition." <u>New York City Dist. Council of Carpenters Pension Fund v. Brookside Contracting Co.</u>, No. 07 Civ. 2583 (WHP), 2007 WL 3407065, at *1, n.1 (S.D.N.Y. Nov. 14, 2007).

declaration as to the arbitrator's award. (Bauman Declaration in Further Support of Petition ("Bauman Decl. 2").) Respondent has not responded to the Petition or appeared in this action. For the reasons discussed below, the Petition to confirm the arbitration award is granted.

## BACKGROUND[2]

At all times relevant, the CBA between Petitioner union and Respondent employer required Respondent "to pay wages to and fringe benefits on behalf of certain employees." (Compl. ¶¶ 1, 8.) The CBA contained a Grievance Procedure which required that in any dispute related to the agreement, the parties first seek to resolve it through negotiation, and then by reference to the Hardship and Advisory Committee of the Building Contractors Association, Inc. and the union. (CBA Art. XIII.) In the event that the dispute was not resolved, the CBA contained an arbitration clause, providing in part:

> Any grievance not resolved shall be submitted to arbitration before Roger Maher, Ruth Raisfeld or Howard Edelman who shall serve as the permanent contract arbitrator(s) hereunder. The arbitrator shall conduct a hearing in such a manner as he shall consider proper and shall serve as sole arbitrator of the dispute between the parties. The arbitrator shall have the right to conduct an ex parte hearing in the event of the failure of either party to be present at the time and place designated for the arbitration, and shall have the power to render a decision based on the testimony before him at such hearing.

(Id. § 3.) The CBA further provided that the arbitrator's decision was final and binding upon the parties and could be entered as a final decree or judgment by a court of competent jurisdiction. (Id.)

The present dispute arose on December 11, 2011 when the Respondent "failed to call in a job" at Columbia Presbyterian Hospital to Petitioner's District Council. (Compl. ¶ 9.) Pursuant to the CBA's arbitration clause, the dispute was submitted to arbitration before Roger Maher.

---

[2] The facts presented are drawn from Petitioner's pleading and submissions in support of the instant Petition.

(Id. ¶ 10.) At an October 7, 2013 hearing attended only by counsel for Petitioner, the arbitrator found the Respondent to be in default. (Arbitrator's Default Award.) On December 5, 2013, the arbitrator issued an Award, finding that Respondent violated the terms of the CBA when it failed to report the job to Petitioner and pay wages and fringe benefits for the related work. (Id.) The arbitrator calculated the owed wages and fringe benefits, finding that Respondent was required to pay: (1) $3,343.68 in fringe benefits for Emil Saporito and $3,343.68 in fringe benefits for John Jackson to Petitioner, (2) $3,785.72 in wages to John Jackson less any statutory deductions, (3) $950.00 for its share of the Arbitrator's fee, and (4) $2,500 in attorney fees to Petitioner in the event Petitioner was required to enforce the terms of the award in court. (Id.) The award was served on Respondent on December 12, 2013. (Id. ¶ 14; Bauman Decl. 2.) Respondent has not complied with the award. (Compl. ¶ 14.)

## DISCUSSION

The FAA provides a "streamlined" procedure for a party seeking to confirm an arbitral award. See Hall Street Assocs. L.L.C. v. Mattell, Inc., 552 U.S. 576, 582 (2008). Typically, confirmation by a district court is a "summary proceeding that merely makes what is already a final arbitration award a judgment of the court." D.H. Blair & Co. v. Gottdiener, 462 F.3d 95, 110 (2d Cir. 2006) (citing Florasynth, Inc. v. Pickholz, 750 F.2d 171, 176 (2d Cir. 1984)). However, "[a]rbitration awards are not self-enforcing." Hoeft v. MVL Grp., Inc., 343 F.3d 57, 63 (2d Cir. 2003), overruled on other grounds by Hall Street, 552 U.S. 576. "Rather, 'they must be given force and effect by being converted to judicial orders by courts.'" Primex Plastics Corp. v. TriEnda LLC, No. 13 Civ. 321 (PAE), 2013 WL 1335633, at *2 (S.D.N.Y. April 3, 2013) (quoting D.H. Blair, 462 F.3d at 104).

A district court's review of an arbitral award is "extremely limited." Rich v. Spartis, 516

3

F.3d 75, 81 (2d Cir. 2008). The Second Circuit has "repeatedly recognized the strong deference appropriately due arbitral awards and the arbitral process, and has limited its review of arbitration awards in obeisance to that process." Porzig v. Dresdner, Kleinwort, Benson, N. Am. LLC, 497 F.3d 133, 138 (2d Cir. 2007); see also Salzman v. KCD Fin., Inc., No. 11 Civ. 5865 (DLC), 2011 WL 6778499, at *2 (S.D.N.Y. Dec. 21, 2011); NYKOOL A.B. v. Pac. Fruit Inc., No. 10 Civ. 3867 (LAK) (AJP), 2010 WL 4812975, at *5 (S.D.N.Y. Nov. 24, 2010) (collecting Second Circuit cases). "[A]n arbitration award should be enforced, despite a court's disagreement with it on the merits, if there is a barely colorable justification for the outcome reached." Rich, 516 F.3d at 81 (quoting Landy Michaels Realty Corp. v. Local 32B–32J Serv. Employees Int'l, 954 F.2d 794, 797 (2d Cir. 1992)) (internal quotation omitted). Courts in this Circuit will therefore vacate an arbitration award only if one of the four statutory bases enumerated in the FAA is violated. Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust, 729 F.3d 99, 104 (2d Cir. 2013) (citing Hall Street, 552 U.S. at 582).[3]

In this case, although Petitioners sought confirmation of the arbitral award by default judgment, that procedural mechanism is inappropriate. Federal Rule of Civil Procedure 55, which governs default judgments, "does not operate well in the context of a motion to confirm or vacate an arbitration award." D.H. Blair & Co., 462 F.3d at 107. Unlike a default judgment, "a motion to confirm or vacate an arbitral award is generally accompanied by a record, such as an agreement to arbitrate and the arbitration award decision itself, that may resolve many of the

---

[3] The FAA allows for vacatur in the following circumstances: "(1) where the award was procured by corruption, fraud, or undue means; (2) where there was evident partiality or corruption in the arbitrators, or either of them; (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." 9 U.S.C. § 10(a).

merits or at least command judicial deference." Id. at 109. A district court should therefore "treat an unanswered ... petition to confirm [or] vacate as an unopposed motion for summary judgment" and base its judgment on the record. Id. at 110.

Accordingly, Petitioner must "show [ ] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). To determine if there are any genuine issues of material fact, the Court must view the facts "in the light most favorable" to the non-moving party, Tolan v. Cotton, 134 S. Ct. 1861, 1866 (2014), and "resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought," Johnson v. Killian, 680 F.3d 234, 236 (2d Cir. 2012). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Even when the motion is unopposed, however, a court "may not grant the motion without first examining the moving party's submission to determine if it has met its burden [of production]." D.H. Blair, 462 F.3d at 110 (quoting Vt. Teddy Bear Co. v. 1-800 Beargram Co., 373 F.3d 241, 244 (2d Cir. 2004)); see also Jackson v. Fed. Exp., 766 F.3d 189, 194 (2d Cir. 2014). Otherwise, "summary judgment must be denied *even if no opposing evidentiary matter is presented.*" D.H. Blair, 462 F.3d at 110 (quoting Vt. Teddy Bear Co., 373 F.3d at 244) (emphasis in original).

On the record presented, and applying the very limited review appropriate in this context, the Court concludes that Petitioner has met its burden of showing that there is no material issue of fact for trial. The CBA between the parties constituted a valid agreement to arbitrate any dispute relating to the CBA. Per that agreement, the parties' dispute regarding the December 11, 2011 job at Columbia Presbyterian Hospital was submitted to designated arbitrator Roger Maher.

After due notice to the parties, the arbitrator held a hearing and rendered a Default Award in favor of Petitioner, concluding that Respondent violated the CBA when it failed to notify the District Council of the job at Columbia Presbyterian Hospital, and when it failed to pay wages to carpenter John Jackson and fringe benefit contributions to Jackson and Emil Saporito for work done at the job site. The uncontroverted evidence more than establishes the "barely colorable justification" required for the arbitrator's decision and does not provide a basis for vacatur. Landy Michaels Realty Corp., 954 F.2d at 797. The Default Award is thus valid and enforceable.

## CONCLUSION

The Petition to confirm the arbitral award is GRANTED. The Court enters judgment against Respondent as follows: (1) $3,785.72 payable directly to John Jackson, (2) $6,687.36 payable to the NYC District Council of Carpenters Benefit Funds, and (3) $2,500.00 to Petitioner for attorneys' fees related to the enforcement of the arbitral award in this Court.

It is further ORDERED that Petitioner serve a copy of this Order on Respondent. The Clerk of the Court is respectfully directed to close the case.

SO ORDERED.

Dated:   November 18, 2014
         New York, New York

Ronnie Abrams
United States District Judge